UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCEDES ROURKE-ROGRIGUEZ,<br><br>  and<br><br>ARIWIIO SWAMP,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF<br>  EDUCATION,<br><br>  and<br><br>LINDA MCMAHON,<br>  in her official capacity as Secretary,<br>  United States Department of Education<br><br>  Defendants. | Civil Action No. <u>8:25-cv-738</u> (AJB/DJS)<br><br>**COMPLAINT** |

Plaintiffs Mercedes Rourke-Rodriguez and Ariwiio Swamp ("Plaintiffs"), by and through their undersigned counsel, hereby file the following Complaint against Defendant the United States Department of Education ("DOE" or the "Department") and Defendant Ms. Linda McMahon ("Secretary" and together with the Department, "Defendants") and in support thereof aver as follows:

## INTRODUCTION

1. Plaintiffs are present or prospective college students who are members of the Saint Regis Mohawk Tribe (the "Tribe"), a federally recognized Indian tribe; who need federal financial aid to attend college; and whose eligibility for that financial aid has been imperiled by an unlawful change of policy by Defendants.

2. The Tribe's Reservation, located in Akwesasne, New York, is bisected by the United States/Canadian border and many tribal members were born in Canada because the closest hospital is located just across the border in Canada.

3. Plaintiffs and certain other college-age tribal members were born in Canada but, by United States law, are permanent residents of the United States and so are eligible for federal student aid under Title IV of the Higher Education Act.

4. Heretofore, the Department has recognized that American Indians born in Canada ("Jay Treaty students") are permanent residents of the United States and has not required them to provide any proof of this status from the Department of Homeland Security ("DHS") in order to establish their eligibility for financial aid.

5. In January 2025, DOE abruptly reversed course and announced that, henceforth, Jay Treaty students who have not previously received financial aid must submit documentation from DHS of their permanent resident status in order to apply for and receive financial aid.

6. The Department offered no justification for this new requirement, which is arbitrary, capricious, and contrary to law, and will hinder or prevent plaintiffs and other Jay Treaty students from attending college.

## PARTIES

7. Plaintiff Mercedes Rourke-Rodriguez is a member of the Tribe, with at least 50% Native American blood, who was born in Canada. She resides in the United States at 49 County Road 45, Akwesasne, NY 13655.

8. Plaintiff Ariwiio Swamp is a member of the Tribe, with at least 50% Native American blood, who was born in Canada. He resides in the United States at 357 Cook Road, Akwesasne, NY 13655.

#522034370_v1

9. The Department of Education is an executive department within the United States government. The Department's headquarters is located in Washington, D.C.

10. The Secretary has overall responsibility for administering the Department and overseeing its constituent bureaus and programs. The Secretary's office is located in Washington, D.C. The Secretary is sued in her official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1362.

12. Venue in this Court is proper under 28 U.S.C. § 1391.

## FACTS

### Background

13. The Tribe has approximately 16,500 enrolled members, about 8,000 of whom reside on the Tribe's Reservation.

14. American Indians have an aboriginal right to move freely throughout the territory originally occupied by them on both sides of the U.S./Canadian border, and both the Jay Treaty of 1794, 8 Stat. 118, and the Immigration and Nationality Act, 8 U.S.C. § 1359, specifically protect the right of American Indians born in Canada to freely pass the borders of the United States.

15. A federal regulation provides that "[a]ny American Indian born in Canada … shall be regarded as having been lawfully admitted for <u>permanent residence</u>."  8 CFR § 289.2 (emphasis added).

16. Federal financial aid programs for postsecondary students are authorized under Title IV of the Higher Education Act of 1965 and administered by the Department.

17. The Higher Education Act provides that, "[i]n order to receive any grant, loan, or work assistance under this subchapter, a student must— … be a citizen or national of the United

3

receive States, <u>a permanent resident</u> of the United States, or able to provide evidence from the Immigration and Naturalization Service that he or she is in the United States for other than a temporary purpose with the intention of becoming a citizen or permanent resident." 20 U.S.C. § 1091(a)(5) (emphasis added).

18. In turn, a Department regulation provides that, "to be eligible to receive title IV, HEA [Higher Education Act] program assistance, a student must—

> (1) Be a citizen or national of the United States; or
> (2) Provide evidence from the U.S. Immigration and Naturalization Service [now "USCIS"] that he or she—
>    (i) Is <u>a permanent resident</u> of the United States; or
>    (ii) Is in the United States for other than a temporary purpose with the intention of becoming a citizen or permanent resident."

34 CFR § 668.33(a) (emphasis added).

19. To apply for federal financial aid, a student must first complete and submit a Free Application for Federal Student Aid ("FAFSA") form. Based on the information in a completed FAFSA form, colleges and career schools make an offer of financial aid to eligible students who seek admission.

20. The Federal Student Aid Handbook ("Handbook"), published by the Department, is the authoritative guide for everything having to do with federal student aid, from loans to grants to eligibility. The Handbook is used by college financial aid administrators and counselors who help students file the FAFSA form, verify information, and make corrections and other changes to the information reported on the FAFSA.

**The Department's Former Policy**

21. For decades, American Indian students born in Canada ("Jay Treaty students") have been eligible for Title IV financial aid without requiring them to obtain any proof from DHS of their status as permanent residents of the United States. The Handbook formerly stated

4

that: "Jay Treaty students ... are not subject to the legal restrictions typically imposed on aliens by the DHS, are not required to obtain documentation from the DHS, and are considered 'lawfully admitted for permanent residence.' They must obtain an SSN [Social Security Number] for purposes of applying for Title IV aid."

22. As a result, in order to submit a FAFSA and obtain federal financial aid, Jay Treaty students were only required to obtain a SSN and documentation from a tribal official that they had sufficient Native American blood (at least 50%) to satisfy Section 289 of the Immigration and Nationality Act, 8 U.S.C. § 1359.

### The Department's New Policy

23. This state of affairs changed radically on January 15, 2025, during the final days of the Biden Administration, when DOE posted an electronic notice on its website announcing that "[a]fter consultation with the Department of Homeland Security (DHS) about acceptable documentation for confirming the Title IV eligibility of American Indians born in Canada (formerly Jay Treaty students), FSA updated the acceptable documentation in the 2024-25 FSA Handbook."

24. Other than saying that it had consulted with DHS about making this change in required documentation, DOE did not provide any rationale or justification for the change.

25. Jay Treaty students already receiving aid can be exempted from this new requirement if they are "grandfathered" in by their college:

> If an American Indian born in Canada claiming Title IV eligibility under the Jay Treaty received Title IV aid in the 2023-24 award year (or any prior award year), then the institution may elect under 34 CFR 668.133(b) to not require such a student to submit additional immigration documentation to establish their title IV eligibility where the documents used to establish that eligibility have not expired, and where the institution does not have reason to believe that the student's claim of citizenship or immigration status is incorrect.

5

26. However, students seeking aid for the first time, or students who had previously received aid but who are not "grandfathered" in, have to comply with a new documentation requirement:

> If an American Indian born in Canada claiming Title IV eligibility under the Jay Treaty did not previously receive Title IV aid in the 2023-24 award year (or any prior award year) and is seeking to establish their status as an eligible noncitizen for the 2024-25 award year or later, then the student may submit any of the following immigration documentation to establish Title IV eligibility:
> - Form I-551 PRC with the code S13;
> - An unexpired temporary I-551 stamp with the code S13 in a Canadian passport; or
> - An unexpired temporary I-551 stamp with the code S13 on an I-94

27. All of these forms of documentation must be obtained from the U.S. Citizenship and Immigration Services ("USCIS"), an agency within DHS.

28. A Form I-551 is a Permanent Resident Card, commonly known as the Green Card, which is a document issued by DHS to individuals granted lawful permanent resident status in the United States.

29. To obtain a Green Card, a Jay Treaty student must:

- Schedule an appointment and appear in person at the local USCIS office
- Obtain and bring to the appointment:
  - Two passport-style photos;
  - A copy of a government-issued identity document with photograph;
  - A copy of the student's long form Canadian birth certificate (to establish lineage to claimed tribal ancestors, as well as birth in Canada); and
- Documentation to establish membership, past or present, in each band or tribe for the student and every lineal ancestor (parents and grandparents) through whom the student derives the required percentage of American Indian blood. This documentation must come from the official tribal government or from Indian and Northern Affairs Canada.

30. An I-551 stamp is a temporary stamp placed in a passport, or on an I-94 form (Arrival/Departure Record), that serves as evidence of lawful permanent resident status when a person is waiting to receive their physical Green Card.

31. A Jay Treaty student may obtain a temporary I-551 stamp with the code S13, either in a Canadian passport or on an I-94 form.

32. Obtaining a Canadian passport requires the student to apply through the Canadian government.

33. To obtain an I-94 form, a student must go to the U.S. Customs Port of Entry and go through the Creation of Record process in order to apply for a Green Card.

## COUNT I
## Violation of the Administrative Procedure Act ("APA")

34. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-33 above, as if fully set forth herein.

35. Under the APA, a court shall "hold unlawful and set aside agency action … found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

36. It is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2), for the Department to reverse its established practice and require Jay Treaty students seeking financial aid to obtain documentation from DHS of their status as permanent U.S. residents, without providing any rationale or justification for this change.

## COUNT II
### Violation of the APA

37. Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-36 above, as if fully set forth herein.

38. The Higher Education Act provides that any permanent resident of the United States is eligible for student aid under Title IV, and requires a student seeking aid to provide evidence of their status from DHS only in situations where the student is not yet a citizen or permanent resident of the U.S.  20 U.S.C. § 1091(a)(5).

39. By law, any Indian born in Canada with at least 50% Native American blood is deemed a permanent U.S. resident.  8 U.S.C. § 1359; 8 CFR § 289.2.

40. A provision of the Immigration and Nationality Act, 8 U.S.C. § 1359, exempts Canadian-born Indians from all immigration restrictions imposed by the Act.  *See Akins v Saxbe*, 380 F.Supp. 1210, 1219 (D. Me. 1974).

41. It is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2), for the Department to require Jay Treaty students seeking financial aid to obtain documentation from DHS of their status as permanent U.S. residents.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants:

A. Issuing a preliminary injunction enjoining Defendants during the pendency of this action from enforcing their new requirement that Jay Treaty students seeking federal financial aid under Title IV of the Higher Education Act must provide documentation from DHS establishing that they are permanent residents of the United States to be eligible for such financial aid;

B. Holding unlawful and setting aside the Department's new requirement that Jay Treaty students seeking federal financial aid must provide documentation from DHS establishing that they are permanent residents of the United States to be eligible for such financial aid;

C. Awarding Plaintiffs their expenses and fees, including reasonable attorneys' fees; and

D. Granting Plaintiffs such other relief as the Court deems just and proper.

Dated: New York, New York
   June 9, 2025

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Sean C. Sheely
Sean C. Sheely (Bar No. 515337)
787 7th Ave., 31st Floor
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
sean.sheely@hklaw.com

James T. Meggesto (Bar No. 512681)
800 17th Street, NW, Ste. 1100
Washington, D.C. 20006
Tel: (202) 469-5173
Fax: (202) 955-5564
james.meggesto@hklaw.com

*Attorneys for Plaintiffs*