**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0646*

August 21, 2026

**VIA CM/ECF**

Hon. Anthony J. Brindisi
U.S. District Judge
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, New York 13501

Re: *Rourke-Rodriguez, et al. v. United States Dep't of Educ., et al.*
Civil Action No. 8:25-cv-00738 (AJB-DJS)

**Notice of Supplemental Persuasive Authority**

Dear Judge Brindisi:

Defendants United States Department of Education and Linda McMahon, in her official capacity as Secretary of Education, write to provide notice to the Court of the decision from the Ninth Circuit Court of Appeals in *Craghtten v. United States, et al*, No. 25-2117, 2026 WL 1746965 (9th Cir. June 17, 2026), which is attached hereto as Exhibit A. That decision further supports Defendants' legal arguments presented in the pending cross-motion for summary judgment. Dkt. 36.

As relevant here, undersigned counsel cited the district court's dismissal order in *Craghtten* for the proposition that "the Jay Treaty's privileges are specific to border crossing, and courts have consistently rejected overexpansive interpretations of the Jay Treaty outside the intended historic purpose." *See* Dkt. 36-1 at 36 (citing cases including *Craghtten*). In *Craghtten*, the plaintiff—a Canadian-born American Indian—tried to acquire a firearm at a gun store in Idaho. But the plaintiff was unable to do so because he lacked an alien registration or admission number required of non-citizens to complete the federal Firearm Transaction Record Form 4473. The plaintiff then sued the Government, claiming among other things that the Jay Treaty (as codified by 8 U.S.C. § 1359 and 8 C.F.R. § 289) exempted him from having to obtain an alien identification number before purchasing a gun. The district court rejected the plaintiff's Jay Treaty theory and granted the Government's motion to dismiss. *See Craghtten v. United States*, 790 F. Supp. 3d 984, 993-94 (D. Id. Jan. 31, 2025) (dismissing claims for alleged violation of 8 U.S.C. § 1359 because the government form requiring plaintiff to obtain an alien registration number from USCIS to purchase a firearm did not "interfere with plaintiff's right to pass the borders of the United States"). The plaintiff appealed, and the Ninth Circuit recently affirmed the district court's dismissal in all respects. *See* 2026 WL 1746965.

Regarding the Jay Treaty, the Ninth Circuit panel held that "[t]he requirement to provide an alien-registration number to obtain a firearm is consistent with the laws governing the immigration privileges of Canadian-born American Indians." 2026 WL 1746965, at *2. The Circuit said the Jay Treaty's privileges, as codified in 8 U.S.C. § 1359, "grant[] certain American Indians born in Canada *only* a 'right to pass the border without an alien identification number.'" *Id.* (emphasis added) (citing *Akins v. Saxbe*, 380 F. Supp. 1210, 1214 (D. Me. 1974)). The Circuit explained that border passage privileges "have no bearing on the requirements to obtain a firearm in the United States." *Id.* And, "[a]s the district court correctly concluded, requiring Canadian-born American Indians to obtain an alien-registration number to complete Form 4473 before purchasing a firearm is reconcilable with these laws, since such a requirement does not interfere with their right to pass the borders of the United States." *Id.*

Although the Ninth Circuit's decision in *Craghtten* is non-binding, it provides further persuasive authority for the Government's position in this case, which is that Plaintiffs' legal theories stretch the Jay Treaty's privileges far beyond their historic purpose. *See* Dkt. 36-1 at 24-28. Here, Plaintiffs argued that the Jay Treaty excepts them from having to provide proof of eligible immigration status from the Department of Homeland Security because they are "exempt from the [Immigration and Naturalization Act ("INA")]." *See* Dkt. 34-6 at 21. But this case relates to documentation requirements created under the Higher Education Act, not the INA. And applying the Ninth Circuit's reasoning in *Craghtten*, the privileges created by the Jay Treaty "have no bearing on the requirements to obtain [federal student aid] in the United States." *See* 2026 WL 1746965, at *2. The requirement that noncitizen student loan applicants, regardless of Jay Treaty status, must obtain proof of eligible citizenship status from the Department of Homeland security "is reconcilable with the [Jay Treaty], since such a requirement does not interfere with their right to pass the borders of the United States." *Id.*

Because the *Craghtten* court's reasoning applies with full force to the issues in this case, Defendants respectfully submit this decision as further support of Defendants' cross-motion for summary judgment. Defendants thank the Court for its consideration of this supplemental persuasive authority.

Respectfully submitted,

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: /s/ *Forrest T. Young*
Forrest T. Young
Assistant United States Attorney
Bar Roll No. 704776

CC: All Counsel of Record (via CM/ECF)